CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 24 2012

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMY DEAN LUTZ, | Case No.: 7:12-cv-00231-JCT |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | By: James C. Turk<br>Senior United States District Judge |
| WATTSTULL, INC.,<br>d/b/a WATTSTULL INN, | |
| Defendant. | |

This matter is before the Court on Defendant Wattstull, Inc. d/b/a Wattstull Inn's ("Wattstull" or "Defendant") Motion to Dismiss (ECF No. 7). Plaintiff Jimmy Dean Lutz ("Lutz" or "Plaintiff") has filed a partial Opposition (ECF No. 10), to which Wattstull has replied (ECF No. 11). No party has requested a hearing and the matter is now ripe for decision. For the reasons set forth below, Wattstull's Motion to Dismiss is **GRANTED.**

I. FACTUAL AND PROCEDURAL BACKGROUND

Lutz has only one leg and uses a prosthesis in place of his missing limb. (Compl. at ¶¶ 10, 11.) As a result, he is limited in his ability to walk. (Id. at ¶ 11.) After checking into the Wattstull Inn on March 3, 2011, Lutz discovered there were uneven steps and no handrails leading to his room. (Id. at ¶ 17.) He asked for assistance from a housekeeper employed by the defendant. (Id. at ¶¶ 17-18.) He alleges that the housekeeper incompetently assisted him into his room, causing him to fall and be seriously injured. (Id. at ¶¶ 18-19.)

His Complaint contains the following three claims: (1) Count I – negligence; (2) Count II – negligence per se, based on Va. Code Ann. § 35.1-28; and (3) Count III - failure to accommodate under Title III of the Americans with Disabilities Act.

The Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are residents of different states (Lutz is a resident of North Carolina and Wattstull is a Virginia corporation with its principal place of business in Buchanan, Virginia) and the amount in controversy exceeds $75,000.[1]

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true all of the complaint's factual allegations and take the facts in the light most favorable to the plaintiff. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing the legal sufficiency of a claim, however, the Court "need not accept the legal conclusions drawn from the facts." Id.

## III. DISCUSSION

Wattstull has moved for the dismissal of Counts II and III of the Complaint. In his response, Lutz stipulates to the dismissal of Count III. The Court thus grants the motion to dismiss Count III. Accordingly, the sole issue to be resolved at this time is whether Lutz can assert a negligence per se claim based on Virginia Code Ann. § 35.1-28 (2012) ("Section 35.1-28"). In Virginia, "[t]he standard of care required to comply with the duty of care" in a negligence action "may be established by the common law or by statute." Steward v. Holland Family Props., LLC, 726 S.E.2d 251, 254 (Va. 2012). "When the standard of care is set by statute, an act which violates the statute is a per se violation of the standard of care." Id. (citing

---

[1] The Complaint also alleges that jurisdiction is proper under 28 U.S.C. § 1331 because Count III is based on a federal statute. Since Plaintiff has agreed to the dismissal of Count III, the Court concludes its jurisdiction is premised solely on 28 U.S.C. § 1332.

2

Schlimmer v. Poverty Hunt Club, 2597 S.E.2d 43, 46 (2004)).

Lutz's negligence per se claim alleges that subsection A of Section 35.1-28 sets the standard of care owed to him by Wattstull. In relevant part, subsection A states that "[i]t shall be the duty of any person owning or operating a hotel to exercise due care and diligence in providing honest and competent employees and to take reasonable precautions to protect the persons and property of the guests of the hotel." That subsection then goes on to state under what circumstances a hotel may be liable to guests for the loss of certain valuable property and further allows a hotel to refuse to accept from any one guest property exceeding a certain total value. Similarly, subsections B, C, and D all relate to the duties of a hotel (and certain limitations on a hotel's liability) with regard to the property of hotel guests. See Va. Code Ann. § 35.1-28(B)-(D). Notably, moreover, subsection E provides as follows: "Nothing contained in this section shall be construed so as to change or alter the principles of law concerning a hotel's liability to a guest or other person for personal injury . . . ." Va. Code Ann. § 35.1-28(E).

Based on the plain language of the statute, therefore, the statute does not alter the common law concerning a hotel's liability for personal injury. This is significant because a negligence per se action can only be based on a statute where the injuries suffered are sufficiently related to a violation of the statute. As the Supreme Court of Virginia recently explained,

> A cause of action based on . . . a statutory violation is designated a negligence per se cause of action and requires a showing that the tortfeasor had a duty of care to the plaintiff, the standard of care for that duty was set by statute, the tortfeasor engaged in acts that violated the standard of care set out in the statute, the statute was enacted for public health and safety reasons, the plaintiff was a member of the class protected by the statute, the injury was of the sort intended to be covered by the statute, and the violation of the statute was a proximate cause of the injury.

Steward, 726 S.E.2d at 254 ( (citing McGuire v. Hodges, 639 S.E.2d 284, 288 (2007)); see also

3

Talley v. Danek Med., Inc., 179 F.3d 154, 158-59 (4th Cir. 1999) (noting that doctrine of negligence per se in Virginia "is not a magic transforming formula that automatically creates a private right of action for the civil enforcement, in tort law, of every statute"; instead, its scope is "cabined" by the additional requirements).

Relying on Steward and Taboada v. Daly Seven, 626 S.E.2d 428, 430 (Va. 2006), Wattstull argues that Lutz's negligence per se action cannot be premised on Section 35.1-28, because that code provision was not designed to protect against the harm Lutz suffered in this case. Wattstull thus contends that Lutz's "claims of personal injuries are simply irrelevant to Virginia Code § 35.1-28." (ECF No. 8, at 4.) Taboada involved a hotel guest who was assaulted by a third party while in the hotel parking lot. The trial court had sustained the defendant's demurrer as to a statutory claim based on Section 35.1-28, reasoning "that Code § 35.1-28(E) 'unmistakably proclaims that the duties arising [under the statute] have no application in personal injury cases.'" Id. at 430 (citing trial court's decision). The Supreme Court of Virginia agreed. In affirming the dismissal of the plaintiff's statutory claim, it held that, "the duty of care owed to [the plaintiff] by [the defendant] with respect to protecting him from injury as the result of a criminal assault by a third party." Id. at 432.

In his response, Lutz points to the language in subsection (A) of the statute that a hotel must "exercise due care and diligence in providing honest and competent employees and to take reasonable precautions to protect the persons . . . of the guests of the hotel." (ECF No. 10, at 3-4 (quoting § 35.1-28(A)). Lutz emphasizes that his claim seeks to hold Wattstull liable for failing to hire competent employees in order to protect him, and further posits that he has sufficiently alleged that the hotel failed to take "reasonable precautions" to protect him from injuries, thus bringing his claim within the plain language of Section 35.1-28(A). He also contends that the Taboada court's holding that the common law continued to govern the plaintiff's claim, rather

4

than the statute, should be limited to its facts.

Lutz's arguments are unavailing. First, the statute itself makes clear that it is not establishing a standard of care applicable to personal injury claims. Lutz has asserted a claim of common law negligence, and his allegations that Wattstull's employees were incompetent or negligent or that Wattstull failure to provide adequate physical safeguards may well be relevant to that claim. But the mere fact that the statute contains general language imposing certain duties on innkeepers does not give rise to a negligence per se claim on the facts here. Lutz's injuries are all personal injuries and do not relate to his property, and the statute itself expressly states that it is not creating a duty of care as to personal injuries. See Va. Code §35.1-28(E). Thus, the standard of care for the duty owed to Lutz here was not set by this statute, as required to state a claim of negligence per se. Cf. Steward, 726 S.E.2d at 254. Likewise, Lutz's alleged injuries simply are "not the sort intended to be covered by the statute." See id.

Second, despite Lutz's request that the Court narrowly interpret Taboada, or find it inapplicable altogether because it involved a third-party assault rather than the negligence of an employee, the reasoning of Taboada bolsters the Court's conclusion. Taboada was premised on the fact that the claims alleged were personal injury claims, and the statute specifically states that it does not "change or alter the principles of law concerning a hotel's liability to a guest . . . for personal injury." 626 S.E.2d at 432. As that court explained, therefore, the duty that innkeepers owe to protect guests from personal injuries, "remains governed by the common law." Id.

The cases relied upon by Lutz are not to the contrary. In Wise v. United States, 8 F. Supp. 2d 535, 552 (E.D. Va. 1998), the estate of a decedent brought various claims against a hotel and others. The decedent was a patron at a hotel bar and was later assaulted and murdered by two men she met at the bar. In that case, the district court concluded that the plaintiff could not rely on Section 35.1-28 because she was not a hotel guest. It did not address whether the statute was

5

applicable to personal injuries. Likewise, Rosen v. Red Roof Inns, Inc., 950 F. Supp. 156, 159 (E.D. Va. 1997), also involved a criminal assault by a third party against a hotel guest. While stating in dicta that Section 35.1-28 "protect[s] guests from negligent acts by the hotel and maybe even criminal acts by hotel employees," the Rosen court nonetheless declined to find any duty of care from the statute applicable to the case before it. Thus, neither case stands for the proposition that a plaintiff can base a claim for negligence per se on Section 35.1-28 when only personal injury damages are alleged.

For these reasons, the Court concludes that Plaintiff's negligence per se claim in Count II, which is only a claim for personal injury damages, cannot be based on Section 35.1-28. This claim is therefore legally insufficient and Count II is dismissed. Additionally, as noted, Plaintiff has stipulated to the dismissal of Count III.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that Counts II and III of Plaintiff's Complaint should be dismissed with prejudice. Accordingly, Wattstull's Motion to Dismiss is GRANTED.

The Clerk of the Court is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record.

ENTER: This ___ day of August 2012.

_____
Senior United States District Judge